IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DENNIS FLORER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PALAKO EVAIMALO,<br><br>　　　　　Defendant. | CIVIL NO. 15-00308 DKW-RLP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COMPLAINT** |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COMPLAINT**

　　　　Plaintiff Dennis Florer moves for dismissal of this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Dkt. No. 32. For the reasons stated below, the Court GRANTS Florer's Motion to Voluntarily Dismiss Without Prejudice ("Motion to Dismiss").

**BACKGROUND**

　　　　The factual background underlying this action has been previously laid out in detail in the Court's prior orders and need not be repeated here. *See* Dkt. Nos. 6, 28. Briefly stated, on August 7, 2015, Florer filed his original complaint while he was a pretrial detainee incarcerated at the Oahu Community Correctional Center ("OCCC"), naming as defendants OCCC Warden Michael J. Hoffman; Case

Manager Andria Barayuga; Unit Team Manager Kana Harrington; Chief of Security Denise Johnston; Sgt. L. Visitacion; Adult Corrections Officer ("ACO") Polloko; and John Does 1 to 5, in their official and individual capacities.  Dkt. No. 1.  Thereafter, on September 29, 2015, the Court issued a Screening and Service Order: (1) dismissing with prejudice all of Florer's official capacity claims against all Defendants for damages and protective custody, and (2) dismissing without prejudice Florer's individual capacity claims against all Defendants, except Florer's claims against ACO Polloko.  Dkt. No. 6.

On March 23, 2016, Florer filed a Motion for Leave of Court to Amend Complaint, seeking to: (1) remove Defendants Hoffman, Barayuga, Harrington, Johnston, and Visitacion, leaving Defendant Palako Evaimalo[1] as the remaining defendant; (2) amend the basis of his claim from a violation of the Eighth Amendment to a violation of the Fourteenth Amendment; and (3) amend his request for relief.  *See* Dkt. Nos. 22, 23.  Florer concurrently filed a proposed First Amended Complaint.  Dkt. No. 22.  On May 5, 2016, the Court granted Florer's Motion for Leave of Court to Amend Complaint.  Dkt. No. 28.  Thereafter, on May 13, 2016, Defendant Palako Evaimalo filed his answer to Florer's First Amended Complaint.  Dkt. No. 29.

---

[1] This defendant was previously named as ACO Polloko.

Prior to any dispositive motions being filed, on August 8, 2016, Florer moved to voluntarily dismiss this action without prejudice. Dkt. No. 32. On August 15, 2016, the Court issued an order directing the Defendant to file any opposition to the Motion to Dismiss no later than Friday, August 26, 2016, and noting that if no opposition was filed, the Court would grant the Motion to Dismiss. Dkt. No. 33. No opposition was filed by the deadline or to date.

## **DISCUSSION**

Where an answer has been served as in the instant case, Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff, pursuant to court order, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice. "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion[.]" *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Id.* (citations omitted). Therefore, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "Legal prejudice" is "prejudice to some legal interest, some

legal claim, [or] some legal argument." *Id.* at 976 (internal quotation marks and citation omitted).

The Court permitted the Defendant to file any opposition to Florer's Motion to Dismiss by August 26, 2016.  The Defendant elected not to file any opposition. Because no opposition was filed, and no prejudice to the Defendant has been shown, the Court concludes that dismissal of the action without prejudice is warranted.[2]

### **CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Florer's Motion to Dismiss (Dkt. No. 32).  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: September 9, 2016 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Florer v. Evaimalo*; CV 15-00308 DKW-RLP; **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COMPLAINT**

---

[2]The Court also notes that Florer filed his Motion to Dismiss before any dispositive motions had been filed.

4